IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHANE MACK LOWRY,**

      **Plaintiff,**

v.                                    **5:07cv35**
                                         **(Judge Stamp)**

**THE FEDERAL BUREAU OF PRISONS**

      **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 1, 2007, the *pro se* plaintiff, initiated this case by filing a complaint pursuant to the Federal Tort Claim Act ("FTCA"). On March 14, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

In his complaint, the plaintiff alleges that on or about June 29th, he was placed in the Special Housing Unit ("SHU') under investigation. On July 18th, he was taken to the property room by a SHU property officer whereupon he discovered that some of his personal property was missing. On, or about August 1st, the plaintiff was released from the SHU and signed his property forms which included the notation "missing artwork."[1] The plaintiff alleges that the Bureau of Prison ("BOP") personnel, who packed up his belongings when he was moved to the SHU are responsible for the loss of various items

---

[1]Throughout his complaint, the plaintiff uses the year 2007. However, because the plaintiff filed his complaint on March 1, 2007, it would appear that he actually means that the events took place in 2006.

of his property. The plaintiff filed an Administrative Tort Claim seeking $10,000 for the loss of his personal property, including a portfolio full of drawings, headphones, personal pictures, hand drawn cards, 20 pages of original prose, comic books, magazines and legal material. The plaintiff's claim was denied on October 30, 2006, and the plaintiff subsequently filed this action.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the

---

[2] Id. at 327.

United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Despite this limited waiver, FTCA § 2680(c) expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006).

However, just recently, the United States Supreme Court determined that this exception does preserve sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed. Bureau of Prisons, No. 06-9130, 2008 WL 169359 (Jan. 22, 2008).[3] Accordingly, this Court does not have jurisdiction to entertain this action, and the plaintiff's complaint should be dismissed.

---

[3]In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing. And he pursued a claim under the FTCA.

3

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: March 19, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE